FILED

08/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 14-0356

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 14-0356

_____

IN RE THE PROPOSED REVISIONS
TO THE RULES OF THE JUDICIAL                    O R D E R
STANDARDS COMMISSION

_____

The Judicial Standards Commission has asked the Court to approve the attached proposed rules of the Judicial Standards Commission

IT IS THEREFORE ORDERED that all members of the bench and bar of Montana and any other interested persons are granted until Friday, September 6, 2024, in which to file with the Clerk of this Court appropriate comments and/or suggestions to these Proposed Revisions to the Rules of the Judicial Standards Commission.

IT IS FURTHER ORDERED that the Proposed Revisions shall be posted on the websites of the Montana State Law Library and the State Bar of Montana. The State Bar of Montana is further requested to give notice of this Order and of its website posting of the Proposed Revisions in the next available issue of *The Montana Lawyer.*

IT IS FURTHER ORDERED that the Clerk of this Court shall post this Order with on the Court's website and shall provide copies of such to the State Bar of Montana, and shall provide to each District Court Judge and each Clerk of the District Court a copy of this Order with a request that each Clerk of the District Court make the Order available for public review in the Office of the Clerk of the District Court.

DATED this 26th day of August, 2024.

For the Court,

/S/ MIKE McGRATH

**STATE OF MONTANA**
**JUDICIAL STANDARDS COMMISSION**

**Rule 1 – Scope, Purpose and Title**

(a) Scope.  These rules apply to all of the functions, responsibilities, and proceedings of the Judicial Standards Commission involving the removal, retirement, suspension, censure, reprimand, or other discipline of judges pursuant to Section 11, Article VII of the Montana Constitution, and the provisions of Title 3, Chapter 1, Part 11, MCA.

(b) Purpose.  The purpose of the Judicial Standards Commission and these rules is to protect the public from improper conduct or behavior of judges; preserve the integrity of the judicial process; maintain public confidence in the judiciary; create a greater awareness of proper judicial conduct on the part of the judiciary and the public; and provide for the expeditious and fair disposition of ~~complaints~~allegations of judicial misconduct.

(c) Title.  These rules shall be known as the Procedural Rules of the Judicial Standard Commission and may be abbreviated as "PRJSC".

**Rule 2 – Definitions**

In these rules, unless context or subject matter otherwise requires:

(a) "Commission" means the Judicial Standards Commission of the State of Montana.

(b) "Judge" means the Chief Justice, Supreme Court Justice, District Judge, Justice of the Peace, City Judge, Municipal Court Judge, Standing Master, Small Claims Judge, Judge *Pro Tempore*, or Special Master appointed by a District Judge.  "Judge' does not include an administrative law judge or hearings officer appointed by the legislature or any department or commission.

(c) "Chairperson" includes the Acting Chairperson.

1

(d) "Shall" is mandatory. "May" is permissive.

(e) "Mail" and "Mailed" include ordinary or postal mail, personal delivery, and email, provided the parties agree to notification by email.

(f) "Registered mail" means either registered or certified mail deposited with the United States Postal Service with postage prepaid and with a request for a return receipt.

(g) "Oath" is synonymous with "affirmation" and "swear" is synonymous with "affirm".

**Rule 3 – Organization of the Commission**

(a) After the Speaker of the House notifies the Montana Judges Association that a vacancy exists on the Commission as to a position appointed in accordance with § 3-1-1101(1)(a), MCA, the District Court Judges shall compile a list of all judges interested in serving on the Commission. The Executive Secretary shall forward this list to the Speaker of the House.

(ab) The Commission shall select from its members a Chairperson, a Vice Chairperson, and such other officers as the Commission may consider necessary and proper in carrying out its functions and duties, who shall serve at the pleasure of the Commission. A member may be selected for more than one office.

(bc) The Chairperson or designee of the Chairperson shall preside at the meetings of the Commission as well as at formal hearings concerning the conduct or disability of a judge. In the event the Chairperson is absent or is otherwise unable to attend a meeting or to perform the duties of Chairperson, those duties shall be performed by the Vice Chairperson, and in the absence of the Vice Chairperson, by a member of the Commission designated by the members who are present.

(ed) Any member of the Commission is authorized to administer oaths or affirmations to all witnesses appearing before the Commission.

(de) All records of the Commission shall remain confidential except as hereinafter specified and shall be under the exclusive and continuing control of the Judicial Standards Commission and its staff. In the conduct of the business of the Commission, including the appointment of an investigator or attorney, and to facilitate the coordination of investigations with other agencies, the Commission is authorized to utilize the same personnel that are involved in an agency investigation of the same factual allegations of misconduct or disability that is before the Commission to avoid duplicative expense relative to investigation. The Chief Justice of the Montana Supreme Court and the Court Administrator are allowed access to investigative files. The permission of the Chairperson of the Commission is required prior to the release of records to anyone other than Commission members, the Chief Justice, or the Supreme Court Administrator.

(ef) The records of the Commission shall be maintained in the Court Administrator's office pursuant to these rules.

(fg) Records concerning a grievance ~~complaint~~ against a judge, other than a formal complaint ordered filed by the Commission as hereinafter set forth or records of discipline imposed as described in these rules, shall be maintained for ~~ten (10)~~ twelve (12) years after such judge has ceased to act as a judicial officer. At the expiration of ~~ten (10)~~ twelve (12) years, such records may be destroyed. Records concerning a formal complaint filed against a judge, and records of discipline administered as described in these rules, shall be maintained during the lifetime of the judge named therein.

3

**Rule 4 – Staff of the Commission**

(a) The Court Administrator shall select an Executive Secretary whose duty it shall be to record minutes of the meetings and hearings which shall be a permanent record of the actions of the Commission. The Executive Secretary shall be responsible for the custody and safekeeping of all the records of the Commission. The Executive Secretary shall promptly furnish to members of the Commission copies of all grievances, complaints, notices, answers and other documents filed in connections with proceedings before the Commission. The Executive Secretary's salary and benefits are established by the Judicial Branch Pay Plan pursuant to 3-1-130, MCA.

(b) The Commission may appoint a qualified ~~adult~~ person to investigate charges against a judicial officer and to report findings to the Commission, and to otherwise assist the Commission in its inquiry into the conduct or disability of a judicial officer.

(c) The Commission may appoint an attorney licensed to practice law in the State of Montana, a retired district court judge, or a retired Supreme Court justice to marshal and present evidence, to file a formal complaint, and to prosecute a formal complaint before the Commission in its inquiry into the conduct or disability of a judicial officer.

(d) An individual, attorney, retired district court judge, or retired Supreme Court justice appointed by the Commission under (b) or (c) above shall be paid as determined from time to time by the Commission from funds provided for the operation of the Commission.

(e) Subject to legislative approval, a qualified law clerk may be paid to assist with drafting orders and opinions as deemed necessary by the Chair of the Commission.

**Rule 5 – Meetings**

(a) The Commission shall meet four (4) times a year or more often as the business of the Commission shall require.

(b) The Chairperson may, and upon the request of three members shall, call a meeting of the Commission. The Chairperson shall give reasonable notice to each member ~~by telephone or other means~~ of the time and place of the meeting.

(c) A quorum for the transaction of business of the Commission shall be three members and no action of the Commission shall be valid unless agreed to by no less than three members thereof.

(d) Decisions by the Commission to ~~conduct~~ <u>commence</u> an investigation of a judge, order a judge to submit to a physical examination, proceed against a person for contempt for failing to respond to a subpoena of the Commission, issue a public opinion or statement, hold or dispense with a formal hearing, hear additional evidence, make a report to the Supreme Court recommending removal, retirement, or other discipline of a judge, or determine after a formal hearing not to make such a report, shall be made at a meeting of the Commission. Other matters before the Commission may be determined by communication among the members of the Commission, but a report of such action shall be made by the Chairperson at the next meeting of the Commission and entered in the minutes of that meeting.

**Rule 6 – ~~Interested~~ <u>Nonparticipation of</u> Members of Commission**

<u>(a)</u> In the event a judicial officer who is a member of the Commission is disqualified by the terms of § 3-1-1108, MCA, or recuses himself or herself from acting in a particular proceeding, the Chairperson may appoint another judge from a court of record to act as a member of the Commission to sit and act in the place of the disqualified or recused judge.

(b) In the event a lay member of the Commission recuses himself or herself for a particular proceeding, the Chairman of the Commission, or in the Chairman's absence, the Vice-chair, may appoint a qualified adult citizen of the state of Montana to act as a member of the Commission for the recused lay member. The Commission may proceed in the absence of not more than two members.

**Rule 7 - Proceedings Confidential**

(a) All papers filed herewith and all proceedings before the Commission shall be confidential while pending before the Commission, as provided by Section 11, Article VII of the Montana Constitution, and the provisions of Title 3, Chapter 1, Part 11, MCA, except as follows:

(1) where the Commission, after an investigation and on a finding of good cause, advises the judicial officer and the Supreme Court, in writing, that the grievance will be dismissed if the judicial officer files with the Commission a letter stating that the officer will take corrective action satisfactory to the Commission, as provided in § 3-1-1106(2)(b), MCA;

(2) where, after appropriate proceedings, it finds the charges true and recommends to the Supreme Court the censure, suspension, removal, or disability retirement of the judicial officer, as provided in § 3-1-1106(3), MCA;

(3) under circumstances that the Commission considers appropriate as provided in §§ 3-1-1105(2) and -1123, MCA;

(4) if sought by any federal or state agency in connection with the selection or appointment of a judge, as provided in § 3-1-1124, MCA, and in accordance with

6

these Rules; and

(5) as part of the Commission's report to the legislature, as provided in § 3-1-1126, MCA.

(b) A ~~Complaint~~ grievance dismissed by the Commission under Rule ~~10(e)-(f)~~ 12 is no longer confidential, and a claimant may disclose the grievance ~~complaint~~ and the Commission's response. If an investigation results in formal proceedings, then the record filed by the Commission with the Supreme Court loses its confidential character upon its filing. Further, a proceeding loses its confidentiality if §~~§~~ 3-1-1121 and/or §§ 3-1-1123 through 1126, MCA, are invoked in accordance with the terms thereof.

(b̶c) All notices, pleadings and papers mailed to a judge and to other persons pursuant to these Rules shall be marked "personal and confidential."

(c̶d) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceedings are no longer confidential under these rules. Violation of the confidentiality proceedings may result in summary dismissal of the grievance ~~complaint~~.

(d̶e) If a judge voluntarily retires or resigns prior to the institution of formal proceedings, and agrees not to act as a judge at any time in the future, all proceedings against such judge shall terminate and the files of the Commission concerning said judge shall remain confidential.

(e̶f) A judge shall, upon request, be given all information concerning grievances ~~complaints~~ that have been filed against the judge.

## Rule 8 – Immunity

Members of the Commission, investigators, special or appointed counsel, and staff members

shall be immune from suit for any conduct in the course of their official duties. All persons referenced above are deemed officers and/or agents of the Commission for all purposes mentioned in these rules.

**Rule 9 – Jurisdiction and Grounds for Discipline**

(a) The Commission shall have jurisdiction over the conduct of all judges and standing masters as defined herein, including part-time judges, and those retired district judges that may be called to hear cases as provided by § 19-5-103, MCA. Jurisdiction of the Commission also extends to conduct that occurred while a judge is in office, or acting as a retired judge, and may include conduct that is not in connection with judicial duties.

(b) Grounds for discipline or removal include, but are not limited to:

    (1) Any disability that seriously interferes with the performance of the officer's duty and is or may become permanent.

    (2) Willful and persistent failure to perform judicial duties, including consistent failure to make decisions in a timely manner.

    (3) Willful misconduct in office.

    (4) Impropriety or other conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or impropriety.

    (5) Habitual intemperance.

    (6) *Ex parte* communications except as allowed by statute or rule.

    (7) Violation of the provisions of the Code of Judicial Conduct adopted by the Montana Supreme Court.

(c) The Commission may impose, or recommend to the Supreme Court, the following, by written order, with copies provided to the interested parties, and with any portion under seal if the Commission determines such is necessary to protect the privacy of matters related to the health or family members of the judicial officer:

(1) *Admonition*: A private communication from the Commission to a judge reminding the judge of ethical responsibilities and giving a warning to avoid future misconduct or inappropriate practices. An admonition may be used to give authoritative advice and encouragement or to express disapproval of behavior that suggests the appearance of impropriety even though it meets minimum standards of judicial conduct.

(2) *Private Reprimand*: A private communication from the Commission to a judge that declares the judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to merit a public sanction.

(3) *Public Reprimand*: A public reprimand administered by the Supreme Court, upon report and recommendation of the commission, which declares a judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to warrant a censure.

(4) *Censure*: A public declaration by the Supreme Court that a judge is guilty of misconduct that does not require suspension or removal from office. Censure may be ordered in conjunction with other sanctions.

(5) *Suspension*: A decision by the Supreme Court to suspend a judge from office temporarily, with or without pay, for serious misconduct that merits more than

9

censure by less than removal.  This sanction is flexible, and there are no restrictions on the length of a suspension.

(6) *Removal*:  A decision by the Supreme Court to remove a judge from office for serious misconduct.

(7) *Permanent Removal*:  A decision by the Supreme Court to remove a judge permanently from office for serious misconduct and declares that such person may never again hold a judicial office in the State of Montana.

(8) *Retiremen*t:  A decision by the Supreme Court to retire a judge for a disability that seriously interferes with the performance of judicial duties that is or is likely to become permanent.

**Rule 10 – ~~Complaints~~Grievances – ~~Initial Investigations~~ Receipt and Review**

(a) Written ~~complaints~~ grievances to the commission shall be submitted substantially as provided on the attached "Form A".  ~~Complaints~~ Grievances shall be lodged with the Executive Secretary of the Commission.

(b) A written ~~complaint~~ grievance shall not be a prerequisite to initiation of disciplinary proceedings that the Commission, in its discretion, deems appropriate.  Upon receiving a ~~complaint~~ grievance or otherwise receiving information alleging judicial misconduct or that the commission should take some action, the Commission ~~may request written comments from the judge with respect to the matters involved as the judge may wish to make, or may request a response from the judge.  At the discretion of the Commission, the Commission may conduct an investigation into the conduct or condition of the judge for the purpose of determining whether formal proceedings should be instituted and a hearing held with or~~

10

without provision of notice or other information to the judge.  However, prior to any ~~determination that a formal hearing will be held, the judge shall be sent a copy of the complaint, or a synopsis of the matters to be or that have been investigated, and the judge shall thereafter have reasonable opportunity to provide a statement to the Commission as the judge considers appropriate.  The judge may elect to make the statement personally or through counsel, verbally or in writing, and the statement may or may not be given under oath.  In exercising this right to respond, the judge shall not have the right to call witnesses nor to confront nor cross-examine the person making the complaint or any person interviewed by the Commission or its duly authorized representative. After notification from the Commission, if the judge does not respond within a reasonable time or within the time fixed by the Commission, the right to make a responsive statement shall be deemed waived~~ shall review the grievance or information received and determine whether the allegations concerning the conduct or condition of the judge may, if proven, provide grounds for discipline or removal.

(c) ~~In making an investigation, the Commission shall have the authority to issue subpoenas for witnesses to appear before the Commission or its representative for the purpose of making a sworn statement and may also issue subpoenas for the production of books, papers and other evidence that may be pertinent to the Commission's inquiry.~~

(d) ~~Whenever the Commission reaches the conclusion that facts developed upon an initial investigation fail to show any reason for the institution of disciplinary proceedings, the Commission shall dismiss the complaint, terminate the inquiry, and so advise the complainant.  At the same time, the complainant shall be informed of the confidentiality~~

11

provisions of Rule 7. The Commission shall also notify the judge of the Commission's decision.

(e) A complaint The Commission may be summarily rejected and dismissed by the Commission a grievance if, in the judgment of the Commission, the complaint grievance fails to state adequate grounds or provide good cause for disciplinary proceedings or is a matter for appellate review. The Commission may, but it is not required to, advise the judge of the summary dismissal of the complaint. A grievance that is based solely on rulings in a case which can be addressed in an appeal or on sentence review shall not constitute adequate grounds for disciplinary proceedings and shall be summarily rejected and dismissed by the Commission.

(f) After receipt of a complaint or of information indicating that a judge may have engaged in judicial misconduct, or that a judge may be disabled, the Commission, before voting to hold a formal hearing, may delegate to one or more of its members or to the Commission's attorney or investigator, the authority and responsibility to personally and confidentially confer with the judge subject to the inquiry, and to make informal recommendations to the judge or to the judge's attorney concerning the subject matter of the inquiry and a satisfactory disposition thereof. If the judge agrees to the Commission's suggested disposition, the matter may be disposed of on the basis of the agreement reached. If the agreed disposition is to be made public, the Commission shall file a report of such disposition in the office of the Clerk of the Supreme Court and the disposition shall become a matter of public record.

12

(g) ~~The Commission may at any time entertain and act upon a proposal from a judge for disposition of any matter pending before the Commission concerning such judge. If the proposal is made after the filing of a formal complaint, and is acceptable to the Commission, a report thereof shall be filed in the office of the Clerk of the Supreme Court, and the report shall be a matter of public record.~~

**Rule 11 – ~~Formal Complaint~~Grievances – Investigations**

(a) If the Commission determines that a grievance sets forth allegations that may provide grounds for discipline or removal, it shall initiate an investigation for the purpose of determining whether good cause exists to institute formal proceedings. In determining whether good cause exists to institute formal proceedings, the Commission may hold a meeting with or without provision of notice or other information to the judge.

(b) Upon initiating an investigation, the Commission shall send the judge a copy of the grievance, or a synopsis of matters to be investigated. The judge shall thereafter have reasonable opportunity to provide a statement to the Commission as the judge considers appropriate. The judge may make the statement personally or through counsel, verbally or in writing, and the statement may or may not be given under oath. In exercising this right to respond, the judge shall not have the right to call witnesses nor to confront nor cross-examine the person making the grievance or any person interviewed by the Commission or its duly authorized representative. The Commission may, in its discretion, require that the judge provide a response. After notification from the Commission, if the judge does not respond within a reasonable time or within the time fixed by the Commission, the right to make a responsive statement shall be deemed waived.

13

(c) In conducting an investigation, the Commission shall have the authority to issue subpoenas for witnesses to appear before the Commission or its representative for the purpose of making a sworn statement and may also issue subpoenas for the production of books, papers and other evidence that may be pertinent to the Commission's inquiry.

(d) Whenever the Commission concludes that facts developed upon initial investigation fail to show good cause for the initiation of formal disciplinary proceedings, the Commission shall dismiss the grievance, terminate the inquiry, and so advise the grievant and the judge. At the same time, the grievant shall be informed of the confidentiality provisions of Rule 7.

## Rule 12 – Grievances – Negotiated Disposition

(a) After receipt of a grievance or of information indicating that a judge may have engaged in judicial misconduct, or that a judge may be disabled, the Commission, before voting to initiate formal proceedings, may delegate to one or more of its members or to the Commission's attorney or investigator, the authority and responsibility to personally and confidentially confer with the judge subject to the inquiry, and to make informal recommendations to the judge or to the judge's attorney concerning the subject matter of the inquiry and a satisfactory disposition thereof. If the judge agrees to the Commission's suggested disposition, the Commission may dispose of the matter on the basis of the agreement reached. If the agreed disposition is to be made public, the Commission shall file a report of such disposition in the office of the Clerk of the Supreme Court and the disposition shall become a matter of public record.

(b) The Commission may at any time entertain and act upon a proposal from a judge for disposition of any matter pending before the Commission concerning such judge. If the

proposal is made after the filing of a formal complaint, and is acceptable to the Commission, a report thereof shall be filed in the office of the Clerk of the Supreme Court, and the report shall be a matter of public record.

**Rule ~~11~~13 – Formal Complaint**

(a) If, after an initial investigation, a majority of the Commission find ~~grounds~~ good cause to conduct formal proceedings concerning a ~~complaint~~ grievance or other facts brought to the attention of the Commission, the Commission shall appoint an attorney, retired district court judge, or retired Supreme Court justice, as provided in Rule 4(c), to serve as prosecutor, file a formal complaint against the judicial officer in the office of the Clerk of the Supreme Court, and ~~to~~ prosecute the formal complaint before the Commission.

(b) Upon the filing of a formal complaint, the ~~complaint~~ grievance and all proceedings subsequent to its filing are not considered confidential and shall become a matter of public record.

**Rule ~~12~~ 14– Procedure on Formal Complaint**

(a) The ~~formal~~ complaint shall be styled substantially as provided on the attached "Form B" and shall state the name(s) of the complainant(s), the nature of the alleged grounds for discipline, the time of actions giving rise to alleged wrongdoing and a brief summary of the facts upon which allegations of misconduct are based.

(b) A notice of the filing of the ~~formal~~ complaint together with a copy of said complaint shall be served on the judge. The notice shall advise the judge of the name, address and telephone number of the ~~attorney~~ prosecutor appointed by the Commission and of the right to file a

15

written response with the Clerk of the Supreme Court within fifteen (15) days after the complaint has been served upon the judge.

(c) Service of the notice and copy of the ~~formal~~ complaint shall be made on the judge by personal service as provided in Rule 4(D)(2), (3), M.R.Civ.P. Service of the notice and copy of the complaint may be acknowledged by the judge or the judge's attorney. Service and filing of orders, pleadings, and other papers shall be made as provided in Rule 5, M.R.Civ.P.

(d) The Judge may file a written response to the allegations of the ~~formal~~ complaint, within fifteen (15) days after service. Thereafter, the commission may set a hearing on the complaint. The hearing shall be set no sooner than thirty (30) days after the time for filing a response has expired or after a response is filed. The hearing shall be set as promptly as possible considering the particular circumstances of the matter.

(e) The Chairperson shall appoint a member of the commission, who may be the Chairperson, to hear and determine preliminary matters prior to hearing, set dates, make necessary rulings, make discovery orders, order subpoenas issued, and make such orders as are necessary to assure the hearing is conducted promptly and that both the complainant and the responding judge have opportunity to fully and fairly prepare for the hearing. The orders of the member selected shall have the same force as an order of the Commission unless quashed by a majority of the members thereof.

(f) The responding judge shall, upon request, be provided access to the information upon which the ~~formal~~ complaint is based, including the ~~initial complaint~~grievance, statements of the complainant, witnesses, and other physical and documentary evidence. The responding judge shall, upon request, be provided with the names and last known address of witnesses

16

that shall be called to testify at the hearing together with copies of all evidence the ~~attorney, retired district court judge, or retired Supreme Court justice appointed by the Commission~~ prosecutor intends to introduce at the hearing. The judge shall, upon request, provide the ~~attorney appointed by the Commission~~ prosecutor with the names and addresses of the witnesses the judge intends to call to testify at the hearing, together with copies of all documentary evidence intended to be introduced by the judge at the hearing. Except as specifically stated in these rules, discovery procedures contained in the Montana Rules of Civil Procedure and Montana Code of Criminal Procedure do not apply to proceedings before the Commission. Depositions may be taken only upon order of the Commission upon application showing the necessity therefore. Other discovery procedures such as interrogatories, requests for admissions, or requests for production may be undertaken only upon order of the Commission after application and a showing of the necessity therefor.

(g) Upon written request, the Commission may direct the Clerk of the Supreme Court to issue subpoenas that may be served as provided in Rule 45, M.R.Civ.P., except the clerk shall not be required to issue any subpoena except upon direct order of the Commission. Payment of witness fees and mileage shall be as provided for witnesses in a district court proceeding.

## Rule ~~13~~ 15– Hearing on Formal Complaint

(a) At the time and place set for hearing, the ~~attorney, retired district court judge, or retired Supreme Court justice appointed by the Commission~~ prosecutor shall present the case in support of the charges in the ~~formal~~ complaint.

17

(b) A verbatim record shall be made of the hearing by stenographic or other means. The commission may, in its discretion, order that a transcript of the proceedings be made. When a transcript of the hearing has been prepared at the expense of the Commission, a copy thereof shall, upon request, be available for use by the judge and counsel. The judge shall have the right, without any order or approval, to have all or any testimony in the proceedings transcribed at the judge's expense.

(c) The Chairperson or designee shall preside at the hearing. The hearing shall be conducted according to the Montana Rules of Evidence.

(d) The responding judge shall appear at the hearing and, may, in the judge's discretion, testify at the hearing.

(e) The ~~attorney, a retired district court judge, or a retired Supreme Court justice appointed by the Commission~~ prosecutor shall have the burden of proof and shall open and close the evidence. Any misconduct or incapacity alleged against the responding judge must be proven by clear and convincing evidence as defined by § 27-1-22(5), MCA. The responding judge shall have the right, but is not required, to present evidence in defense of the complaint.

(f) At the conclusion of the hearing, the commission may order further written arguments or submissions as it deems appropriate, including proposed findings of fact and conclusions of law. Thereafter, the matter shall be deemed submitted for decision, unless the Commission orders otherwise.

(g) Deliberations of the Commission shall be confidential. The commission shall render its decision, and any recommendation(s) to the Supreme Court in writing. The Commission's

decision shall be filed in the office of the Clerk of the Supreme Court and the charges dismissed or recommendation(s) transmitted to the Court, whichever is necessary.

(h) Should less than a majority of the commission vote affirmatively for the censure, suspension, retirement, or removal of a responding judge, the ~~formal~~ complaint shall be dismissed in favor of the judge, who shall be entitled to the costs paid or incurred for subpoenas, witness fees and mileage, and any depositions ordered by the Commission.

## Rule ~~14~~ 16 – Interim Disqualification of Judicial Officers

(a) Upon or after the filing of a formal complaint, the Commission may, in its discretion and for good cause shown, disqualify the judge from serving as a judicial officer, without loss of salary, pending the Commission's disposition of the formal complaint.

(b) Upon the Commission's filing with the Supreme Court a recommendation that a judicial officer be removed or retired, the judge shall forthwith be disqualified to serve as a judicial officer, without loss of salary, pending the Supreme Court's review of the record and proceedings, and its order thereon. §3-1-1109(2), MCA. If a judge is reinstated to office, the terms of the reinstatement shall be as ordered by the Montana Supreme Court.

## Rule ~~15~~ 17 – Effective Date and Amendment

(a) ~~These rules shall be signed by a~~ A majority of the Commission shall sign these rules and file~~d~~ them in the office of the Clerk of the Montana Supreme Court. The rules ~~shall be~~ are effective upon ~~approval thereof~~ adoption by the Montana Supreme Court. ~~Amendments hereto may be made from time to time by the Commission, and such~~ The Commission may recommend amendments to these rules at its discretion. ~~shall be signed by a~~ A majority of the Commission must sign and file~~d~~ recommended amendments in the office of the Clerk of

the Supreme Court. The Montana Supreme Court shall consider such recommended amendments, which are not shall become effective upon approval thereof until approved by the Montana Supreme Court.

(f) Upon approval of these rules or amendments thereto approval of amendments to these rules by the Montana Supreme Court, all previous rules or amendments of the Judicial Standards Commission inconsistent therewith are repealed.

| | |
|---|---|
| _____ | _____ |
| Hon. Michael Menahan | Hon. Randal Spaulding |
| Chairman | Vice-Chairman |

| | |
|---|---|
| _____ | _____ |
| Jenny Eck | Jill Gerdrum |
| Member | Member |

_____
Roger Webb
Member



# Judicial Standards Commission
# State of Montana

## ~~COMPLAINT~~ <u>GRIEVANCE</u>

The undersigned being first duly sworn, upon oath, states the following facts showing misconduct on the part of the following named judge, to-wit:

NAME OF JUDGE: _____

ADDRESS: _____

_____

Based on the attached Code of Judicial Conduct, please cite which Canon(s) you feel the judge has violated and why. If you cannot clearly identify which canon the judge has violated, then your ~~complaint~~ grievance is not within the purview of this Commission to review.

The facts of the above Judge's misconduct or unethical conduct are as follows: (Please state in your own words the misconduct or unethical conduct of the judge. Provide information as to when and where the misconduct occurred, and the names of any other people involved.)

(If more space is needed, you may attach additional sheets to this ~~complaint~~grievance and mark them a, b, c, etc.)

The names and addresses of other persons who are witnesses to or have information as to the misconduct of the above judge are:

Name: _____    Name: _____
Address: _____    Address: _____

_____    _____
Phone No. _____    Phone No. _____


(Names of additional witnesses may be listed on a separate sheet and attached.)

I (have_____ / have not_____) contacted the judge in regard to my ~~complaint~~grievance.

I will furnish additional information to your Commission if requested.  If the ~~complaint~~ grievance is investigated, I will cooperate with your Commission and furnish the evidence I may have and I will testify at any hearing on this ~~complaint~~grievance.

My full name, address and telephone number is:

NAME:        _____
ADDRESS:    _____

_____
PHONE #:     _____

DATED this _____ day of _____, 20___.



_____
SIGNATURE

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20___.



_____
Notary Public for the State of Montana
(SEAL)                        Residing at _____
My Commission expires_____



**RETURN TO:**        SHELLY SMITH, EXECUTIVE SECRETARY
JUDICIAL STANDARDS COMMISSION
PO BOX 203005
301 S. PARK, SUITE 328
HELENA, MT 59620-3005

**JUDICIAL STANDARDS COMMISSION**
**STATE OF MONTANA**

_____

INQUIRY CONCERNING ~~COMPLAINT~~ GRIEVANCE OF:    )
                                                  )
                                                  )
Grievant/Complainant,                             )    Cause        No.
_____                                   
                                                  )
v.                                                )    ~~FORMAL~~ COMPLAINT
                                                  )
                                                  )
                Respondent.                       )
_____   )


_____, Prosecuting Attorney appointed by the Judicial Standards

Commission of the State of Montana, and on behalf of the above named grievant/complainant, does

hereby make formal complaint against the respondent judicial officer of the State of Montana as

follows:

Electronically signed by:
Mike McGrath
Chief Justice, Montana Supreme Court
August 26 2024